UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHERRY ISENBERG,                                          15 CV 5425 (GHW)

                        Plaintiff,

                                           **ANSWER TO COMPLAINT**

     -against-

METROPOLITAN LIFE INSURANCE         DOCUMENT
COMPANY,                                               ELECTRONICALLY FILED

                        Defendant.
------------------------------------------------------------X

       Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Sedgwick LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

       FIRST: Denies each and every allegation contained in paragraph "1" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Plaintiff's claims arise under §502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132.

       SECOND:   Admits the truth of each and every allegation contained in paragraph "2" of the plaintiff's Complaint.

       THIRD:   Admits the truth of each and every allegation contained in paragraph "3" of the plaintiff's Complaint.

       FOURTH:   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "4" of the plaintiff's Complaint.

       FIFTH:   Admits the truth of each and every allegation contained in paragraph "5" of the plaintiff's Complaint.

       SIXTH:   Denies each and every allegation contained in paragraph "6" of the plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except

admits that MetLife is the claim administrator for the Lombard Risk System, Inc. Long-Term Disability Plan (the "Plan") within the meaning of ERISA §3(16), 29 U.S.C. §§ 1002(16) and 1002(21) and that it made discretionary determinations on benefit claims under the Plan pursuant to a grant of full discretionary authority to render such determinations set forth in the Plan documents, and further admits that MetLife acted as a fiduciary only when and to the extent that it rendered such discretionary benefit determinations under the Plan.

SEVENTH:  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "7" of the plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court, except admits Plaintiff was a participant in the Plan.

EIGHTH:  Admits the truth of each and every allegation contained in paragraph "8" of the plaintiff's Complaint.

NINTH:  Denies each and every allegation contained in paragraph "9" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

TENTH:  Admits the truth of each and every allegation contained in paragraph "10" of the plaintiff's Complaint.

ELEVENTH: Denies each and every allegation contained in paragraph "11" of the plaintiff's Complaint.

TWELFTH:  Denies each and every allegation contained in paragraph "12" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

82009424v1

2

THIRTEENTH: Denies each and every allegation contained in paragraph "13" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FOURTEENTH: Denies each and every allegation contained in paragraph "14" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

FIFTEENTH: Denies each and every allegation contained in paragraph "15" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTEENTH: Denies each and every allegation contained in paragraph "16" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the Plan documents for the terms, conditions, limitations and exclusions set forth therein.

SEVENTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the plaintiff's Complaint.

EIGHTEENTH: Denies each and every allegation contained in paragraph "18" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

NINETEENTH:  Denies each and every allegation contained in paragraph "19" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTIETH:  Denies each and every allegation contained in paragraph "20" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FIRST:  Denies each and every allegation contained in paragraph "21" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-SECOND: Denies each and every allegation contained in paragraph "22" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-THIRD:  Denies each and every allegation contained in paragraph "23" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife

in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-FOURTH: Denies each and every allegation contained in paragraph "24" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that MetLife approved Plaintiff's claim for long term disability ("LTD") benefits under the Plan from August 6, 2012 – July 5, 2014 under the Plan's "own occupation" disability definition.

TWENTY-FIFTH:   Denies each and every allegation contained in paragraph "25" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that MetLife approved Plaintiff's claim for LTD benefits under the Plan from August 6, 2012 – July 5, 2014 under the Plan's "own occupation" disability definition.

TWENTY-SIXTH:   Admits the truth of each and every allegation contained in paragraph "26" of the plaintiff's Complaint.

TWENTY-SEVENTH:   Denies each and every allegation contained in paragraph "27" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated July 14, 2014, MetLife advised

Plaintiff that she no longer satisfied the definition of Disability under the Plan because her current restrictions and limitations did not prevent her return to work at her own occupation.

TWENTY-EIGHTH: Denies each and every allegation contained in paragraph "28" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

TWENTY-NINTH:   Admits the truth of each and every allegation contained in paragraph "29" of the plaintiff's Complaint.

THIRTIETH:     Denies each and every allegation contained in paragraph "30" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits Plaintiff submitted additional information to support her claim on appeal.

THIRTY-FIRST:     Denies each and every allegation contained in paragraph "31" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SECOND:   Denies each and every allegation contained in paragraph "32" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife

in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-THIRD:   Denies each and every allegation contained in paragraph "33" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FOURTH:   Denies each and every allegation contained in paragraph "34" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-FIFTH:   Denies each and every allegation contained in paragraph "35" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

THIRTY-SIXTH:   Denies each and every allegation contained in paragraph "36" of the plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the administrative record for Plaintiff's claim kept and maintained by MetLife in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that by letter dated September 24, 2014, MetLife advised Plaintiff of its decision to uphold its original adverse determination on appeal and that Plaintiff had exhausted the administrative remedies available under the Plan.

THIRTY-SEVENTH: Denies each and every allegation contained in paragraph "37" of the plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

THIRTY-EIGHTH:   In response to paragraph "38" of the plaintiff's Complaint, defendant repeats, reiterates and reallege each and every response to the allegations contained in paragraphs "1" through "37" inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-NINTH:   Denies each and every allegation contained in paragraph "39" of the plaintiff's Complaint.

FORTIETH: Denies each and every allegation contained in paragraph "40" of the plaintiff's Complaint.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

FORTY-FIRST:   In response to paragraph "41" of the plaintiff's Complaint, defendant repeats, reiterates and reallege each and every response to the allegations contained in paragraphs "1" through "40" inclusive, with the same force and effect as if more fully set forth at length herein.

FORTY-SECOND:   Denies each and every allegation contained in paragraph "42" of the plaintiff's Complaint including subparts (a) – (c) thereof as alleged and respectfully refers all questions of law to the Honorable Court.

FORTY-THIRD:   Denies each and every allegation contained in paragraph "43" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-FOURTH:   This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against MetLife.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

FORTY-FIFTH:   The claims for which plaintiff seeks recovery are not payable under the terms of the LTD Plan in effect during the time period of the pertinent allegations in the Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

FORTY-SIXTH:   MetLife acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the LTD Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

FORTY-SEVENTH:   All actions about which plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

FORTY-EIGHTH:   MetLife's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb its determination concerning plaintiff's claims.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

FORTY-NINTH:   Plaintiff has not properly pled a claim for attorneys' fees under ERISA.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

FIFTIETH:   Defendant MetLife as claim fiduciary for the LTD Plan, is granted complete authority to review all denied claims for benefits under the LTD Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the LTD Plan; and MetLife is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and capriciously.  Defendant MetLife's

decision making was not arbitrary or capricious and therefore, the Court cannot disturb MetLife's determination concerning plaintiff's claim.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

FIFTY-FIRST: To the extent (and without admitting that) the plaintiff was entitled to continuing benefits under the terms of the LTD Plan as of the date MetLife determines she was not entitled to benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, inter alia, the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different LTD Plan requirements, exclusions and/or limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

FIFTY-SECOND:   Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the LTD Plan.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FIFTY-THIRD:   The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by MetLife in the regular course of its business.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH:   Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to MetLife's evaluation of plaintiff's claim for LTD benefits under the applicable Plan documents.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH:	If Plaintiff is entitled to any payment of benefits, which defendants deny, such payment must be reduced and offset by any other income benefits or set-offs as defined in the applicable Plan documents and instruments, that were or may be payable to her.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FIFTY-SIXTH:	Plaintiff's second Cause of Action alleging Breach of Fiduciary Duty under ERISA §502(a)(3) must be dismissed because it is a dupicative of first cause of action under ERISA §502(a)(1)(B) for an award of benefits allegedly due under the Plan.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

FIFTY-SEVENTH:	New York state law, including any state law pertaining to pre-judgment interest, is completely preempted by ERISA.

### AS AND FOR A FIFTHTEENTH AFFIRMATIVE DEFENSE

FIFTY-EIGHTH:	Plaintiff's requests for an order compelling an "equitable accounting" and disgorment of alleged profits or gain MetLife allegedly obtained is improper and seeks relief that is not cognizable under ERISA.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

FIFTY-NINTH:	Plaintiff's requests for statutory or other penalties is without basis in any relevant statute or applicable regulation and should therefore be stricken.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

SIXTIETH:	To the extent a response is required, MetLife hereby denies all allegations set forth in the subheadings to plaintiff's Complaint.

**WHEREFORE**, defendant MetLife prays:

1. That the action be dismissed, or that judgment be entered in favor of defendants, MetLife and the Plan and against plaintiff;
2. That defendants, MetLife be awarded costs of suit incurred herein;

3. That defendants, MetLife be awarded reasonable attorney's fees; and

4. That defendants, MetLife and the Plan be awarded such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
September 21, 2015

Respectfully submitted,

  s/
MICHAEL H. BERNSTEIN (MB-0579)
SEDGWICK LLP
225 Liberty Street, 28th Floor
New York, New York 10281-1008
T:  212.422.0202 **|** F:  212.422.0925
*Attorneys for Defendant*
*METROPOLITAN LIFE INSURANCE COMPANY*

TO: Andrew N. Bourne
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street
New York, NY 10016
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** was served **ECF and Regular Mail** on September 21, 2015, upon the following:

> Andrew N. Bourne
> Hoguet Newman Regal & Kenney, LLP
> 10 East 40th Street
> New York, NY 10016
> Attorney for Plaintiff

Dated:    New York, New York
          September 21, 2015

                                                    s/_____
                                                    MICHAEL H. BERNSTEIN (MB-0579)

82009424v1